# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

DENNIS JAMES JOHNSON,

    Plaintiff,

v.

SHAUN STANLEY,

    Defendant.

2:24-cv-89

## ORDER

The Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's Complaint in its entirety. Dkt. No. 12. Specifically, the Magistrate Judge determined that Plaintiff's claims are untimely. Id. at 4. When the Court did not receive Objections within the allotted time, I adopted the Report and Recommendation as the opinion of the Court and entered judgment closing the case. Dkt. Nos. 13, 14. Plaintiff moved to file late Objections, which the Court granted. Dkt. Nos. 15, 16. Plaintiff has filed Objections, which the Court now considers. Dkt. No. 17.

Plaintiff makes two Objections to the Magistrate Judge's Report and Recommendation. The Court will address each in turn.

**I. Plaintiff's Bivens Claim**

In his Objections, Plaintiff objects to the Magistrate Judge's conclusion that his Bivens claim is untimely. Dkt. No. 17

at 2-3. Plaintiff explains that he previously filed a Bivens action in this Court and was told his claim was untimely at that time. Id. at 2 (citing Johnson v. Stanley, Civ. Action No. 2:18-cv-117 (Johnson II)). Plaintiff believes that the two-year Bivens statute of limitations should not apply to his present claims because the Court, in a previous action, dismissed Plaintiff's claims as not ripe. Doc. 17 at 2. Id.

Plaintiff's Objections do not demonstrate compliance with the statute of limitations. Plaintiff claims that a previous case, referred to here as Johnson II, shows that his claims in this action are timely filed. Plaintiff is incorrect. In the previous case, the Magistrate Judge recommended dismissal on *res judicata* grounds.[1] The Magistrate Judge there found that Plaintiff had previously attempted to pursue a cause of action under these same facts and his Complaint was dismissed for failure to state a claim. Johnson II, 2:18-cv-117 (May 1, 2020), ECF No. 14 (citing Johnson v. Stanley, Civ. Action No. 2:17-cv-91 (Johnson I)). After that Recommendation was issued, Plaintiff sought to voluntarily dismiss the suit. Johnson II was then dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2). Johnson II, 2:18-cv-117 (Aug. 10, 2020), ECF No. 20. Nothing about Johnson II suggests

---

[1] Indeed, because Plaintiff alleges the same causes of action against the same party as in Johnson I and Johnson II, the Court could also dismiss the Complaint on *res judicata* grounds in this case.

2

that the Bivens statute of limitations should not apply in this circumstance or that Plaintiff timely filed his claims.

To the extent Plaintiff suggests Johnson I or Johnson II somehow tolled the statute of limitations, he is incorrect. Plaintiff fails to explain how the prior cases could toll the statute of limitations. Moreover, the Magistrate Judge determined in Johnson II that the complaint was barred by *res judicata*, not that it was unripe. As *res judicata* bars an identical later action, it cannot also toll the statute of limitations to file an identical action.

To the extent that Plaintiff alleges the Court's dismissal of his claims without prejudice in Johnson II tolls the statute of limitations, he is incorrect again. Johnson II (Aug. 10, 2020), ECF No. 20. The Court dismissed the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2), which authorizes dismissal of an action at the Plaintiff's request without prejudice unless the order states otherwise. Id. Plaintiff provides no reason why dismissal in this manner would toll the statute of limitations.

Because the Complaint alleges events that occurred more than two years prior to the date the Complaint was filed, Plaintiff's Bivens claims are barred by the statute of limitations. Therefore, I overrule Plaintiff's objections to this portion of the Magistrate Judge's Report and Recommendation. I concur with and adopt the

3

Magistrate Judge's recommendation to dismiss Plaintiff's <u>Bivens</u> claim.

## II. Relief under the IACP

The Magistrate Judge also recommends dismissal of Plaintiff's IACP claim.  The Magistrate Judge concludes that Plaintiff has not demonstrated compliance with applicable regulations, requiring an inmate to file a claim no more than 45 days prior to release and not less than 15 days prior to release.  Dkt. No. 12 at 5.  Importantly, Plaintiff has not yet been released.

In his Objections, Plaintiff explains that, due to pending claims in other federal district courts, he "would not have the time" to file a claim within 45 days of release.  Dkt. No. 17 at 4.  It is unclear why pending litigation in other districts would prevent Plaintiff from complying with regulations.  Plaintiff also fails to state with any clarity when he will be released.  Most importantly, Plaintiff has not offered any compelling reason or legal authority to hold this lawsuit in abeyance for an indefinite period while he is incarcerated.  Therefore, I overrule Plaintiff's objections to this portion of the Magistrate Judge's Report and Recommendation.  I concur with and adopt the Magistrate Judge's recommendation to dismiss Plaintiff's IACP claim.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections.  The Court's March 25,

4

2025 Order remains the Order of this Court, and this case remains **CLOSED**.  Dkt. Nos. 13, 14.

**SO ORDERED**, this __2__ day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA